UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SAFECO INSURANCE COMPANY    09-CV-3312 (ARR) (ALC)
OF AMERICA,

                       Plaintiff,    NOT FOR PRINT OR
                                            ELECTRONIC
                                            PUBLICATION

    -against-

M.E.S., INC., et al.,    OPINION & ORDER

                       Defendants.
-----------------------------------------------------------------------x
ROSS, United States District Judge:

On July 30, 2009, plaintiff Safeco Insurance Company of America ("Safeco" or "plaintiff") filed a complaint in the instant case against defendants M.E.S., Inc. ("MES"), M.C.E.S., Inc. ("MCES"), and George Makhoul (collectively, "MES defendants"), and defendants Hirani Engineering & Land Surveying, P.C., Hirani/MES JV, Jitendra S. Hirani, and Sarita Hirani (collectively, "Hirani defendants" and, together with MES defendants, "defendants"). The complaint asserts multiple claims arising from written Indemnity Agreements among the parties. Presently before the court is Safeco's motion for reconsideration of the court's December 17, 2010 Order, Dkt. No. 133. For the reasons set forth below, and to the extent discussed herein, Safeco's motion is granted.

## **BACKGROUND**[1]

On November 22, 2010, this court held that Safeco is entitled to $6,614,634.41 in collateral security from MES defendants and $4,960,067.44 in collateral security from Hirani defendants. Nov. 22, 2010 Order, Dkt. No. 121, at 27. The court directed defendants to provide

---

[1] Familiarity with the court's previous Orders in this case is presumed.

1

Safeco with the requisite collateral security by December 1, 2010.  Id.[2]

By letter dated November 24, 2010, MES defendants asked the court to reconsider its November 22 Order or, in the alternative, to grant a stay of that Order pending defendants' appeal to the Second Circuit.  Dkt. No. 122.  Hirani defendants joined that request by letter dated November 29, 2010.  Dkt No. 123.  The court denied defendants' motion for reconsideration on November 30, 2010, but it directed the parties to submit their briefs and supporting documents regarding defendants' motion for a stay.  Dkt. No. 125 at 5.  The court temporarily stayed its November 22 Order pending its ruling on defendants' motion for a stay pending appeal.  Id. at 5.

On December 8, 2010, after it received the parties' submissions regarding defendants' motion for a stay, the court issued an Order to Show Cause.  That Order directed the parties to submit briefs to the court regarding why, if this court granted a stay of its November 22 Order pending appeal, it should not also grant Safeco an assignment of claims pursuant to Paragraph 1.d. of the "Security to Surety" section of the Indemnity Agreements.

On December 17, 2010, the court granted defendants' motion for a stay of the court's November 22 Order pending their appeal of that Order to the Second Circuit.  Dkt. No. 133 at 26.  Prior to issuance of the stay, the court ordered the posting of court-approved bonds in the amount of $200,000.00 by MES defendants and $1,000,000.00 by Hirani defendants.  Id.  The court directed defendants to post those bonds by December 29, 2010 or to comply with the court's November 22 Order by that date.  Id.  The court also granted Safeco's motion for enforcement of its right to an assignment of defendants' claims related to the three bonded

---

[2] Because MES and Hirani defendants are jointly and severally liable for the $4,960,067.44 in collateral security for the High Energy Propellant Formulation Facility ("HEPFF") Project, the court directed defendants to reach an agreement regarding apportionment of that amount and to provide Safeco with a total of $4,960,067.44 in collateral security for the HEPFF project by December 1, 2010.  Id.  If the defendants could not reach an agreement regarding apportionment, the court directed MES and Hirani defendants to each provide Safeco with $2,480,033.72 in collateral security for the HEPFF Project by that date.  Id.  The court also directed MES defendants to provide Safeco with the additional $779,566.97 in collateral security for the Pyrotechnics Research Technology Facility Project and $875,000 in collateral security for projected legal and consulting fees by December 1, 2010.  Id.

2

projects at issue in this litigation, and its right to exercise a power-of-attorney to effectuate that assignment, under the Indemnity Agreements. Id. The court denied defendants' request to stay the enforcement of Safeco's right to an assignment of defendants' claims and its right to a power-of-attorney pending defendants' appeal. Id. The court also denied Safeco's request to stay the entire proceeding pending defendants' appeal. Id.

By letter dated December 22, 2010, Safeco asks the court to reconsider the amount of the $200,000.00 bond imposed upon MES defendant's in the court's December 17 Order. Dkt. No. 137 at 1. Safeco argues that documents provided by MES defendants to Safeco after the court issued that Order demonstrate "that the MES defendants have the financial capacity to post a bond in a substantially higher amount than $200,000." Id. at 1-2. Specifically, Safeco argues that bank records it received from MES defendants on December 21, 2010 show that MES defendants "presently have bank account balances that total nearly $1.4 million." Id. at 2. Safeco argues that this new evidence contradicts "Mr. Makhoul's prior assertion that the MES defendants have a combined total of $800,000 held in bank accounts." Id. Safeco also contends that the court erred by not including the value of certain MES-owned equipment in calculating MES defendants' total assets in its December 17 Order. Id. Although Safeco has placed a lien on this equipment through a Uniform Commercial Code filing, because "MES still retains and owns this equipment," Safeco urges the court to include the alleged $730,000.00 value of this equipment in MES defendants' total assets. Id. When the value of this equipment is added to the approximately $1.4 million dollars in MES defendants' bank accounts and the $200,000.00 of equity in Mr. Makhoul's home, Safeco contends that MES defendants have at least $2.3 million in assets. Id. at 3. Safeco thus argues that the court's finding in its December 17 Order that MES defendants had only $1,029,000.00 in assets was inaccurate. Id. Based on "the true picture

of MES Defendants' assets," Safeco asks the court to increase the amount of Safeco's bond from $200,000.00 to $1.5 million. Id. at 3.

By letter dated December 23, 2010, MES defendants make several arguments in response. Dkt. No. 138. First, MES defendants contend that this court "no longer has jurisdiction to adjudicate Safeco's motion for reconsideration." Id. at 2. On December 20, 2010, MES defendants filed with the Second Circuit a notice of appeal of the court's December 17 Order. Id. On December 23, 2010, they filed with that court a motion for a stay of the December 17 Order pending their appeal. Id. MES defendants assert that, in their motion for a stay pending appeal, they specifically challenge the amount of the bond that this court required them to post in its December 17 Order. Id. Thus, MES defendants contend that this court has been "divested of jurisdiction" because MES defendants' "notice of appeal from the court's order and its motion for a stay of the December 17th order unquestionably puts before the Second Circuit . . . the amount of security pending appeal . . . ." Id. Second, MES defendants dispute Safeco's contention that they have more than $2.3 million in assets. Id. MES defendants claim that bank records current as of December 23, 2010 demonstrate that MES defendants have liquid assets of $1,044,905.97, not approximately $1.4 million dollars as Safeco claims. Id. They also note that, in its December 17 Order, the court rejected Safeco's argument that the court should include the value of MES' equipment in calculating MES defendants' total assets. Id. at 1. Thus, MES defendants contend that the total value of MES defendants' assets is far less than $2.3 million and therefore "no increase in the bond requirement is warranted." Id. at 2.

For the reasons that follow, the court holds that it has jurisdiction to adjudicate Safeco's motion for reconsideration. The court grants that motion to a limited extent. Based upon the new evidence submitted by Safeco and MES defendants regarding MES defendants' financial

4

condition, the court finds that a $245,000.00 increase in the amount of MES defendants' bond is justified.

## DISCUSSION

I.  Jurisdiction

MES defendants contend that this court has been divested of jurisdiction to adjudicate Safeco's motion for reconsideration of the court's December 17 Order. Specifically, MES defendants assert that, because they have filed a notice of appeal and a motion for a stay of the December 17 Order with the Second Circuit, this court no longer has jurisdiction to reconsider the amount of the bond the court required MES defendants to post. The court disagrees.

As an initial matter, the court notes that Federal Rule of Civil Procedure 62(c) confers jurisdiction upon this court to issue a stay pending appeal of its November 22 Order and to require the posting of a bond before that stay issues.[3] Rule 62(c) provides, in part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Under that Rule, the court retains jurisdiction to "issue an order to preserve the status quo pending appeal." N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO, No. 04-CV-9949 (KMK), 2005 U.S. Dist. LEXIS 6819, at *3 (E.D.N.Y. April 19, 2005); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2904 (2d ed. 1995) ("When there is reason to believe that an appeal will be taken, there is no reason why the court should not make an order preserving the status quo during the expected appeal . . . . And even after notice of the appeal has been filed, the

---

[3] In its November 30 Order, the court held: "Although the November 22 Order does not provide injunctive relief, its enforcement of Safeco's right to collateral security through specific performance is injunctive in character. Accordingly, the court must analyze defendants' request for a stay of the November 22 Order under Rule 62(c)." Dkt. No. 125 at 4.

trial court still has jurisdiction to make an order under Rule 62(c)."). Thus, under Rule 62(c), this court had jurisdiction to issue its December 17 Order, which stayed the court's November 22 Order upon the posting of a bond by each defendant.

The court also has jurisdiction over Safeco's motion for reconsideration of its December 17 Order, irrespective of the fact that MES defendants have filed a notice of appeal and a motion for a stay of that Order with the Second Circuit. Federal Rule of Appellate Procedure 4(a)(4) provides that, when a party timely files a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), a notice of appeal filed after the court issues its judgment, but before the court disposes of the Rule 59(e) motion, becomes effective when the order disposing the Rule 59(e) motion is entered.[4] The Advisory Committee Notes to the 1993 Amendments to Rule 4(a)(4) clarify that a notice of appeal "filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4, Advisory Committee Notes to 1993 Amendments, Note to Paragraph (a)(4). Thus, under Rule 4(a)(4), MES defendants' appeal is held in abeyance pending this court's disposition of Safeco's Rule 59(e) motion. Stewart Park and Reserve Coal. Inc. v. Slater, 374 F.Supp.2d 243, 252 (N.D.N.Y. 2005). "[T]he Second Circuit does not have jurisdiction to act on the appeal prior to this Court disposing of the post-judgment motion[]." Id.

---

[4] Federal Rule of Appellate Procedure 4(a)(4) states, in relevant part:

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

. . .

(iv) to alter or amend the judgment under Rule 59;

. . .

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

6

(citing 12 James Wm. Moore et al., Moore's Federal Practice §59.32[3] (3d ed.2005)); Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002) ("[W]e conclude that the suspension of the effectiveness of the notice of appeal precluded our jurisdiction to adjudicate the merits of the appeal . . . ."). Accordingly, this court retains jurisdiction to decide Safeco's motion for reconsideration. Slater, 374 F.Supp.2d at 252.

II. Safeco's Motion for Reconsideration

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995) (citations omitted). The court may not permit a party to "use the motion . . . as a substitute for appealing from a final judgment." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Consequently, "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. United States Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

The new evidence submitted to this court by Safeco and MES defendants shows that

MES defendants have more assets than stated in the court's December 17 Order. In that Order, the court determined that MES defendants had $1,029,000.00 in assets. The court based that determination upon Mr. Makhoul's statements in his sworn affidavit that, at the end of December 2010, his assets would be limited to $800,000.00 in his personal bank accounts and less than $200,000.00 equity in his home and that MES and MCES had "no assets to speak of," other than an MCES design contract worth $29,000.00. Dkt. No. 133 at 14-15; Dec. 3, 2010 Affidavit of George Makhoul, Dkt. No. 128-1, at ¶¶ 16, 18, 22. The court determined that these statements were not inconsistent with the bank records submitted by Safeco showing that, as of September 2010, Mr. Makhoul's personal bank accounts had a total balance of $1,308,016.52. Dkt. No. 133 at 15; Plaintiff's Memorandum in Opposition to Defendant's Motion for a Stay Pending Appeal (Pl. Mem."), Dkt. No. 129, at 20. However, with its motion for reconsideration, Safeco submitted bank records that contradict Mr. Makhoul's statements in his sworn affidavit. Those bank records – which MES defendants produced to Safeco after this court issued its December 17 Order – show that, as of late November and early December 2010, MES defendants had nearly $1.4 million dollars in their bank accounts. Dkt. No. 137 at 3, Ex. A-K. In their response to Safeco's motion for reconsideration, MES defendants submitted bank records to the court current as of December 23, 2010. Those records show that MES defendants presently have $1,044,905.97 in their bank accounts. Dkt. No. 138 at 2, 4. Thus, taking into account the approximately $200,000.00 equity in Mr. Makhoul's home and the $29,000.00 MCES design contract, it is undisputed that MES defendants have total assets of at least $1,273,905.97. MES defendants' total current assets therefore are approximately $245,000.00 greater than the amount stated in the court's December 17 Order.

Had this court been aware that MES defendants would have an additional $245,000.00 in

8

their bank accounts at the end of December 2010, the court would have set a higher bond amount for MES defendants in its December 17 Order. Thus, reconsideration of that amount is warranted in this instance. Shrader, 70 F.3d at 256-57. Based on the undisputed evidence before it, the court is directing MES defendants to post an additional $245,000.00 with the court during the pendency of their appeal to the Second Circuit.

In its motion for reconsideration, Safeco also seeks to have an additional $730,000.00, the alleged value of certain MES-owned equipment, included in the total amount of MES defendants' assets. Dkt. No. 137 at 2. Safeco previously made this argument to the court in its submissions regarding defendants' motion for a stay pending appeal of the court's November 22 Order. Pl. Mem. at 20. The court rejected that argument in its December 17 Order. Dkt. No. 133 at 15 n.6. "[A] motion for reconsideration is [not] an occasion for repeating old arguments previously rejected [by the court] . . . ." Associated Press, 395 F. Supp. 2d at 19. The court therefore, once again, rejects Safeco's argument.

## **CONCLUSION**

For the foregoing reasons, this court holds that it has jurisdiction to adjudicate Safeco's motion for reconsideration. The court grants that motion to a limited extent. The court holds that the amount of the bond that it required MES defendants to post in its December 17 Order should be increased from $200,000.00 to $445,000.00. Thus, MES defendants are directed to post an additional $245,000.00 with the Clerk of Court by January 5, 2011 or to comply with the court's November 22 Order by that date.

SO ORDERED.

/s/ARR_____
Allyne R. Ross
United States District Judge

Dated:        December 29, 2010
              Brooklyn, New York