UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

SAFECO INSURANCE COMPANY                   09-CV-3312 (ARR) (ALC)
OF AMERICA,

                     Plaintiff,                  <u>NOT FOR PRINT OR
                                                                                  ELECTRONIC
                                                                                  PUBLICATION</u>

    -against-


M.E.S., INC., et al.,                                                 <u>OPINION & ORDER</u>

                     Defendants.
----------------------------------------------------------------------x
ROSS, United States District Judge:

On July 30, 2009, plaintiff Safeco Insurance Company of America ("Safeco" or "plaintiff") filed a complaint in the instant case against defendants M.E.S., Inc., M.C.E.S., Inc., and George Makhoul (collectively, "MES defendants"), and defendants Hirani Engineering & Land Surveying, P.C. ("Hirani Engineering"), Hirani/MES JV, Jitendra S. Hirani, and Sarita Hirani (collectively, "Hirani defendants" and, together with MES defendants, "defendants"). The complaint asserts multiple claims arising from written Indemnity Agreements among the parties. Presently before the court is Hirani defendants' motion for reconsideration of the court's March 22, 2011 Order, Dkt. No. 161, denying Hirani defendants' motion for modification of the court's December 30, 2010 Order, Dkt. No. 148. For the reasons set forth below, Hirani defendants' motion is denied.

## **BACKGROUND**

The court presumes familiarity with the background set forth in its March 22, 2011 Order. Dkt. No. 161 at 1-8. As stated there, the financial condition of Hirani defendants was a critical issue before the court when it ruled upon defendants' motion for a stay pending appeal of

1

the court's November 22, 2010 Order. In the December 17, 2010 Order granting defendants' motion, the court noted that Hirani defendants had failed to submit adequate documentation regarding their finances; however, based upon the documentation submitted by Safeco, the court determined that Hirani defendants had sufficient assets to post a $1 million bond pending appeal. Thus, the court ordered Hirani defendants to post that bond prior to the issuance of the stay.

On December 28, 2010, Hirani defendants asked the court to reconsider the amount of the $1 million bond set in the court's December 17 Order on the grounds that they were financially incapable of posting such a bond. That day, the court held a telephone conference regarding Hirani defendants' motion. At that conference, the court stated:

> I think I ought to start by noting that the entire manner in which the Hirani defendants have handled the issue of the stay in this case, I have found extraordinarily frustrating. When the stay was first sought in early December, at a time when it was clear that the central issue relating to the stay or the circumstances of the stay or the conditions of the stay related to the defendants finances and the defendants' ability or inability to secure a bond or other collateral, the papers that I received from the Hirani defendants discussed only the individual defendants finances. They make absolutely no reference at all to the financial situation of Hirani Engineering . . . . And [Hirani] defendants omitted that evidence, notwithstanding that the burden . . . was . . . on Hirani [defendants] to establish a real limitation on [their] ability to post security. And it was only after I then relied on financial information provided to me by Safeco that Hirani [defendants are] claiming that [they are] not in a position to post a million dollar bond. I mean even now, there is no affirmative statement of what [Hirani] defendants could do. There is simply an assertion that Hirani Engineering can't post as much as one million dollars because it would be necessary to have a million dollars in cash and it doesn't have a million dollars in cash.
>
> I think we have really bent over backwards to give defendants in this case an opportunity to present hard evidence of what they can do and what they legitimately can't do. Looking at this current set of papers that we just got in the last couple of hours, the [Hirani] defendants offered to post a partial bond . . . . They don't disclose any amount of a partial bond. They don't give us any evidence justifying a limitation. They suggest that I come up with some alternative arrangement. They are entirely without information or without suggestion as to what such an alternative arrangement might be.

2

> Let me say that as far as I'm concerned I am justified now in denying the motion for reconsideration because none of this was brought to my attention when it should have been brought to my attention. Instead, it's just been dragged out and frankly as legal matter, I think it's appropriate to look at this as [Hirani] defendants lost their opportunity to establish any limitation on the security they could post because they have raised this issue again much too late and even then in the most vague, useless manner.
>
> So let me simply say as far as I'm concerned I'm going to try one more time, but this is the last time I'm going to try to address this issue. I have devoted altogether too much time to this case, particularly in light of the determination of the parties, and I think in some respect particularly the defendants, to obfuscate what's going on here.

Transcript of Telephone Conference at 3-5 ("Tr."), Safeco v. M.E.S., Inc., No. 09-CV-3312 (E.D.N.Y. Dec. 28, 2010). The court then requested a complete list of Hirani defendants' liquid and physical assets "in every location" and relevant backup documentation by 5 p.m. the following day. Tr. at 12.

By Order dated December 30, 2010, the court denied Hirani defendants' motion for reconsideration, finding significant deficiencies in the documentary evidence submitted by Hirani defendants following the telephone conference with the court. Dkt. No. 148 at 8-9. The court, however, granted Hirani defendants an extension of time to post the $1 million bond and established a payment schedule. Id. at 9. The Order required Hirani defendants to post the $200,000.00 equity in Mr. and Mrs. Hirani's home with the court by January 3, 2011, to post $400,000.00 with the court no later than March 4, 2011, and to post the remaining $400,000.00 with the court by May 3, 2011. Id. at 10. The court cautioned that "[f]ailure to abide by this schedule may result in the court revoking the stay issued in its December 17 Order." Id.

On March 2, 2011, two days before the deadline for Hirani defendants to post $400,000.00 with the court, Hirani defendants filed a letter "to notify the Court" that they would not be complying with the schedule set forth in the court's December 30 Order. Dkt No. 154. In

3

their letter, Hirani defendants asked the court to modify the schedule established in its December 30 Order because Hirani defendants were financially incapable of complying.

By Order dated March 22, 2011, the court denied Hirani defendants' motion for modification of the court's December 30 Order. Specifically, the court stated:

> The court holds that Hirani defendants' motion for modification must be denied because, once again, they have failed to present the court with a complete and accurate picture of their finances. In its December 30 Order, the court rejected Hirani defendants' motion for reconsideration of the $1 million dollar bond amount because, despite having numerous opportunities and the obligation to do so, Hirani defendants failed to provide the court with the necessary documentary evidence to evaluate their claims of financial distress. Indeed, in that Order, the court identified specific deficiencies in Hirani defendants' submissions that precluded the court from finding that Hirani defendants were unable to pay a $1 million bond. In particular, the court noted that it was troubled by the unexplained transfers of significant sums of money from Hirani Engineering to other Hirani-related entities and the complete lack of information regarding Hirani Engineering's accounts receivable.
>
> In their latest motion, Hirani defendants do not trouble themselves with correcting these deficiencies. In fact, in support of their claim that the $1 million bond will "force them out of business," they do not submit *any* financial documents at all. Rather, they rely solely on Mr. Hirani's affidavit, which simply lists various assets and liabilities without offering any documentary support for those figures or evidence that those figures present a comprehensive picture of Hirani defendants' finances. Furthermore, although Mr. Hirani's affidavit lists $5,708,503.80 in accounts receivable, like Hirani defendants' previous submissions to this court, it provides no indication of when or from whom the company will receive that substantial sum of money. In its December 30 Order, the court noted that "[t]he lack of information about those funds is a significant hindrance to the court's ability to understand Hirani Engineering's financial condition." Dkt. No. 148 at 9. In light of that statement, it is startling that Hirani defendants[] would submit this motion without providing additional information about Hirani Engineering's accounts receivable. Due to Hirani defendants' deficient submissions, significant questions still remain about their financial status. Those questions preclude a finding that Hirani defendants are incapable of posting a $1 million bond. Accordingly, the court rejects Hirani defendants' motion for modification.

Dkt. No. 161 at 9-10.

Because Hirani defendants failed to comply with the payment schedule set forth in the

court's December 30 Order, the court lifted the stay issued in its December 17 Order and reinstituted its November 22 Order requiring Hirani defendants to provide Safeco with $4,960,067.44 in collateral security. The court directed Hirani defendants to provide that collateral security no later than April 4, 2011.

By letter dated March 28, 2011, Hirani defendants ask the court to reconsider its March 22 Order. Dkt. No. 162. Hirani defendants have submitted documentary evidence with their letter. They claim that the documentation establishes that they are financially incapable of posting the $1 million bond. In particular, Hirani defendants assert that the documentation addresses the specific evidentiary deficiencies noted in the court's December 30 and March 22 Orders.

## DISCUSSION

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). In other words, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995) (citations omitted). The court may not permit a party to "use the motion . . . as a substitute for appealing from a final judgment." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148,

151 (S.D.N.Y. 1999).

"These rules are narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." United States v. Billini, No. 99 CR. 156 (JGK), 2006 U.S. Dist. LEXIS 86343, at *3 (S.D.N.Y. Nov. 22, 2006) (citation and internal quotation marks omitted). "Strict application of these rules also prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Id. (citation and internal quotation marks omitted; alteration in original). "The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court." Id. (citations omitted). "New evidence, for these purposes, must be evidence that could not have been found by due diligence." Id. at *2 (citation and internal quotation marks omitted).

In the interests of finality and judicial efficiency, Hirani defendants' motion for reconsideration is denied. Even presuming the documentary evidence submitted by Hirani defendants with this motion is adequate to prove their claims of financial distress, this court declines to consider that evidence in light of Hirani defendants' conduct in this case. In the previous four months, Hirani defendants have made three previous motions to this court in which their financial condition has been squarely at issue. During that time period, Hirani defendants were in exclusive possession of the documentation necessary to establish their financial condition, and they were aware of their obligation to provide that documentation to the court. Indeed, after Hirani defendants submitted two motions to the court without the requisite documentation, the court specifically warned Hirani defendants in a telephone conference that they had one final opportunity to meet their obligation. Yet, even following that warning, Hirani defendants failed to provide adequate evidence of their financial condition and, subsequently,

they made an additional motion to the court without submitting *any* financial documents. Hirani defendants have had every opportunity to present the court with the evidence necessary to support their claim of financial distress. They have declined to do so, electing instead to make unsupported motion after unsupported motion. Their actions have delayed this litigation, prejudiced Safeco, and wasted the resources of this court. The court refuses to reconsider its previous decision based upon evidence that Hirani defendants should have submitted with any of its three previous motions. Accordingly, their motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, this court denies Hirani defendants' motion for reconsideration of the court's March 22, 2011 Order. The court declines to issue a temporary stay of that Order. Hirani defendants are directed to provide Safeco with $4,960,067.44 in collateral security no later than April 4, 2011.

SO ORDERED.

/s/ARR_____
Allyne R. Ross
United States District Judge

Dated: March 30, 2011
Brooklyn, New York