UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SAFECO INSURANCE COMPANY OF       :
AMERICA,                                    :
                                        :
            Plaintiff,           :          **ORDER**
                                      :
            -against-            :          09 Civ. 3312 (PKC) (VMS)
                                      :
M.E.S., INC., M.C.E.S., INC., HIRANI     :
ENGINEERING & LAND SURVEYING, P.C., :
HIRANI/MES, JV, GEORGE MAKHOUL,    :
JITENDRA S. HIRANI, and SARITA HIRANI, :
                                      :
            Defendants.        :
-------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

Following the rescheduling of the hearing originally set to proceed November 18, 2015

through November 20, 2015, see 9/3/2015 Order; ECF No. 392, Plaintiff Safeco Insurance

Company of America moved for an award of attorney's fees and costs against non-parties Dr.

Johnny Makhoul and Anthony Dalleggio, see ECF No. 394.

"In calculating attorney's fee awards, district courts use the lodestar method—hours

reasonably expended multiplied by a reasonable hourly rate." McDonald v. Pension Plan of the

NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006). "In order to calculate the

reasonable hours expended, the prevailing party's fee application must be supported by

contemporaneous time records, affidavits, and other materials." Id. In determining the

reasonable hourly rate, the court may . . . use its own knowledge of the relevant market and

experience with the rates in the district. See Farbotko v. Clinton County of New York, 433 F.3d

204, 209 (2d Cir. 2005). The fee applicant has the burden "to justify the reasonableness of the

requested rate," and "should establish [their] hourly rate with satisfactory evidence—in addition

to the attorney[s'] own affidavits." Barbu v. Life Ins. Co. of N. Am., 12 Civ. 1629 (JFB) (SIL),

2015 U.S. Dist. LEXIS 21874, at *6 (E.D.N.Y. Feb. 24, 2015) (quoting Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012)).

Here, Plaintiff's counsel submits: (1) several invoices justifying only a portion of the costs sought; and (2) a listing of the total fee amounts sought by three attorneys (Vivian Katsantonis, Christopher Harris and Mariela Malfield) and one law firm (Farber, Brocks & Zane, LLP). See generally Plaintiff's Motion, ECF No. 394. Neither in its letter motion nor via attorney affidavits does Plaintiff state the precise number of hours each attorney claims to have expended, the type of work performed during these hours, the hourly rate each attorney seeks or the justification for the hourly rate requested. This is insufficient to support the award sought.

To the extent Plaintiff seeks attorney's fees for work performed, it must provide contemporaneous time records, see N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."), along with affidavits or similar statements from each respective attorney attesting to the work performed, the rate he or she seeks and the justification for said rate. To the extent Plaintiff seeks costs associated with the adjournment of the hearing dates, it must provide invoices, or other evidence, substantiating each such cost.

Accordingly, Plaintiff's motion for an award of attorney's fees and costs against non-parties Dr. Makhoul and Mr. Dalleggio is **denied without prejudice**.  In conformity with this Order, Plaintiff may renew its motion for attorney's fees and costs by August 8, 2016; Dr. Makhoul and Mr. Dalleggio may oppose by August 15, 2016.

Dated:  Brooklyn, New York
        August 1, 2016

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge