```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SAFECO INSURANCE COMPANY OF              :
AMERICA,                                 :
                                         :
                     Plaintiff,          :         **ORDER**
                                         :
             -against-                   :         09 Civ. 3312 (PKC) (VMS)
                                         :
M.E.S., INC., M.C.E.S., INC., HIRANI     :
ENGINEERING & LAND SURVEYING, P.C.,      :
HIRANI/MES, JV, GEORGE MAKHOUL,          :
JITENDRA S. HIRANI, and SARITA HIRANI,   :
                                         :
                     Defendants.         :
------------------------------------------------------------ x
```

**Scanlon, Vera M., United States Magistrate Judge:**

Following the rescheduling of the discovery hearing originally set to proceed November 18, 2015 through November 20, 2015, see 9/3/2015 Order; ECF No. 392, Plaintiff Safeco Insurance Company of America ("Plaintiff") moved for an award of attorney's fees and costs against non-parties Dr. Johnny Makhoul and Anthony Dalleggio (collectively, the "non-parties"), see ECF No. 394. As Plaintiff failed to provide invoices and/or contemporaneous time records in support of its request for attorney's fees and costs, the Court denied Plaintiff's motion without prejudice and with leave to renew. See generally ECF No. 431. Plaintiff has now renewed its motion against the non-parties and provided the previously missing documentation. See ECF No. 435. For the reasons stated herein, Plaintiff's motion is **denied**.

**I.    FACTUAL BACKGROUND**[1]

Beginning in late-2014, Plaintiff sought to compel certain discovery from, among others,

---

[1] The Court assumes the Parties' familiarity with the detailed factual and procedural history underlying this matter, and therefore, only discusses facts relevant to the Court's decision on the instant motion.

Dr. Makhoul and Mr. Dalleggio in compliance with previously served subpoenas.  See ECF No. 340.  As to Dr. Makhoul, the subpoenas were issued to him in connection with his New Jersey-based corporate entities: Cherry Hill Acquisitions, LLC, Defined Alliance, LLC and Fidelity Seal, LLC.[2]  The Court subsequently granted in part and denied in part Plaintiff's motion to compel and directed the non-parties to produce certain documentation and to submit to depositions.  See 2/13/2015 Order.

On September 1, 2015, Plaintiff again moved to compel the non-parties' compliance with the Court's 2/13/2015 Order and the previously served subpoenas.  See generally ECF No. 383.

On September 3, 2015, the Court held a conference during which it set a comprehensive briefing schedule for Plaintiff's motion to compel, and scheduled a hearing to be held regarding same over a three-day period from November 18, 2015 to November 20, 2015.  See 9/3/2015 Order.  As noted in the Court's 9/3/2015 Order, Dr. Makhoul and Mr. Dalleggio were scheduled to testify at this hearing on November 18, 2015.  See id.

On October 16, 2015, and in compliance with Court's Order, see id., Plaintiff's counsel, Christopher Harris, Esq., contacted the non-parties' counsel, Michael Pasquale, Esq., via email to: (1) indicate Plaintiff's expectation that Dr. Makhoul and Mr. Dalleggio were expected to testify first and second, respectively, on November 18, 2015; and (2) inquire as to whether Dr. Makhoul and Mr. Dalleggio would voluntarily appear at the upcoming hearing or would require a subpoena, see ECF No. 390, Ex. 1.  Mr. Pasquale responded by email on October 21, 2015, and asked Mr. Harris to call him to discuss his "concerns about [the] proposed order of witnesses."

---

[2]  Dr. Makhoul's counsel has occasionally questioned this Court's jurisdiction over Dr. Makhoul because he resides in Kentucky, but the Court's jurisdiction to enforce the subpoenas against Dr. Makhoul's corporate entities, which all do business in New Jersey, has not been challenged.

See ECF No. 390, Ex. 4.

On October 27, 2015, according to Mr. Harris, Mr. Pasquale indicated via telephone "that Dr. Makhoul and Mr. Dalleggio were not planning to attend the hearing as scheduled[, but] equivocated as to whether they would seek an adjournment." See ECF No. 390. That same day, Mr. Harris emailed, among others, Mr. Pasquale noting: (1) Dr. Makhoul and Mr. Dalleggio's failure to advise or request relief from the Court regarding any scheduling conflicts; and (2) advising of Plaintiff's intent to issue subpoenas in order to compel Dr. Makhoul and Mr. Dalleggio's appearance at the hearing on November 18, 2015. See ECF No. 390, Ex. 5. Mr. Pasquale did not respond to this email. See ECF No. 390.

On November 4, 2015, Mr. Harris emailed Mr. Pasquale to notify him that attempts to reach him by telephone following Mr. Harris' October 27th email were met with an automated message stating that Mr. Pasquale's voicemail inbox was full, and again seeking clarification as to Dr. Makhoul and Mr. Dalleggio's intentions as to appearing at the November 18, 2015 hearing. See ECF No. 390, Ex. 6. Mr. Pasquale did not respond to this email. See ECF No. 390.

On November 10, 2015, Mr. Harris again emailed Mr. Pasquale and, in an effort to clarify his clients' intentions and to resolve any scheduling conflicts, asked Mr. Pasquale, inter alia, to: (1) confirm whether Dr. Makhoul and Mr. Dalleggio intended to appear on November 18, 2015; and (2) provide specific details of any irreconcilable scheduling conflicts that Dr. Makhoul and/or Mr. Dalleggio had, including when they first knew of such conflicts. See ECF No. 390, Ex. 7. Mr. Pasquale did not respond to this email. See ECF No. 390.

On November 13, 2015, Dr. Makhoul and Mr. Dalleggio filed a letter motion with the Court requesting an adjournment of the November 18, 2015 hearing. See ECF No. 389. Dr.

Makhoul sought an adjournment because his Kentucky-based cardiology practice was short-staffed, and he was required to see upwards of ninety patients between November 17th and November 19th. See id. Mr. Dalleggio sought an adjournment due to a "conflict with Stanford University's P4 Consortium, which is a meeting of industry leaders regarding networking technology for which Mr. Dalleggio owns a patent," and if "left unattended w[ould] have a devastating effect on his professional reputation and career." Id. Mr. Dalleggio provided the Court with, inter alia, copies of airplane tickets to and from the professional conference which had been purchased on October 22, 2015. See ECF No. 389, Ex. 1. Plaintiff opposed the non-parties' adjournment request, citing its previous unsuccessful attempts to confirm Dr. Makhoul and Mr. Dalleggio's appearance on November 18, 2015, and the resources already expended in preparing for the hearing, which at that point was just days away. See ECF No. 390.

On November 17, 2015, the Court held a conference in order to discuss Dr. Makhoul and Mr. Dalleggio's adjournment request. Noting that sanctions were a possibility due to the belatedness of the adjournment request, the Court inquired as to whether the non-parties wanted to move forward with their request:

> The Court: [M]y question is, do[] your client[s] want to persist in this request even though it is very likely that [they] will incur costs[,] including expenses to [Plaintiff] and possibly a sanction for the late request?
>
> \* \* \*
>
> Mr. Pasquale: I can't answer your question, Your Honor. We've made a request. We just ask that you rule on it.

See Transcript of 11/13/2015 Conference ("11/13/15 Tr."), ECF No. 395, 32:23 – 33:1; 34:9-11.[3]

---

3      Citations to the transcript refer to the relevant page and line number.

The Court subsequently granted the non-parties' adjournment request and rescheduled the hearing for January 2016. See ECF No. 392.[4] The Court also stated that, as a result of the adjournment, "[o]ther parties may request sanctions against [Dr. Makhoul and Mr. Dalleggio] for attorney's fees and costs associated with this rescheduling" and set a briefing schedule regarding same. Id.

## II. DISCUSSION

### A. Mr. Dalleggio and Dr. Makhoul Did Not Receive Sufficient Notice Of The Authority Under Which Plaintiff Seeks Sanctions

"Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (citation & internal quotation marks omitted). "Specifically, 'at a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of,' inter alia, 'the source of authority for the sanctions being considered.'" Truong v. Hung Thi Nguyen, 503 Fed. Appx. 34, 35 (2d Cir. 2012) (quoting Schlaifer, 194 F.3d at 334); see Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 97 (2d Cir. 1997) (a litigant facing sanctions "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter") (emphasis added).

Here, the Court broadly referenced the possible imposition of "sanctions" during the November 17, 2015 conference, see 11/13/15 Tr., ECF No. 395, 32:4-10; 32:23 – 33:1; 51:17-20; 52:23 – 53:2, and in its subsequent order setting forth a briefing schedule on the issue, see ECF No. 392, but did not state in either context the specific source of authority under which it

---

[4] Notably, when the hearing was ultimately held, Mr. Dalleggio testified but Dr. Makhoul did not testify on behalf of the three corporate entities. This issue will be discussed in a separate order.

5

believed sanctions may be appropriate. Likewise, Plaintiff did not reference, let alone explicitly seek, sanctions under any specific rule, statute or Court power in its original motion, see ECF No. 394, or in its renewed motion, see ECF No. 435.

Much like the circumstances of this case, "[c]ourts have found insufficient notice of possible sanctions under a particular authority . . . where the instrument providing notice neglects mention of that authority entirely." Martin v. Giordano, 11 Civ. 4507 (ARR) (JO), 2016 U.S. Dist. LEXIS 110108, at *12 (E.D.N.Y. Aug. 18, 2016). "For example, in Ted Lapidus, S.A., the Second Circuit vacated an award of sanctions under 28 U.S.C. § 1927 because the motion for sanctions and related hearing discussed sanctions only under Rule 11 and because significant differences exist between the standards for sanctions under those authorities." Id. at *12-13 (citing Ted Lapidus, S.A., 112 F.3d at 97). "Likewise, in Mantell v. Chassman, the Second Circuit vacated an award of sanctions under 28 U.S.C. § 1927 because the motion sought sanctions only under Rule 37 and because 'the district court did not warn [the attorney] that it was considering imposing § 1927 sanctions prior to imposing sanctions.'" Id. at *13 (quoting Mantell, 512 F. App'x 21, 24-25 (2d Cir. 2013)).

Whether the "instrument providing notice" in this matter is interpreted as the Court's own statements during the November 13, 2015 conference, see generally 11/13/15 Tr., ECF No. 395; its subsequent Order setting a briefing schedule on the motion, see ECF No. 392; or Plaintiff's motions for sanctions, see ECF Nos. 394, 435, the authority under which the non-parties risked being sanctioned was never clearly articulated to them. In its totality, the Court must conclude that notice was insufficient in this case to warrant the imposition of sanctions.

### B. Sanctions Are Not Warranted Based On The Present Record

Even if sufficient notice had been provided, Plaintiff's motion would nonetheless be denied for an alternative reason. As best the Court can gather, and thus proceeding under such assumption, Plaintiff implicitly seeks sanctions against Dr. Makhoul and Mr. Dalleggio under 28 U.S.C. § 1927 and/or the Court's inherent power.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, under the Court's inherent authority to control the proceedings that take place before it, any federal court "may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)).

Under either of these grounds, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quoting Schlaifer, 194 F.3d at 336). "With respect to the first requirement, a claim is entirely without color when it lacks any basis in law or fact." Martin v. Giordano, 11 Civ. 4507 (ARR) (JO), 2016 U.S. Dist. LEXIS 61007, at *38 (E.D.N.Y. May 9, 2016) (citing Sierra Club, 776 F.2d at 390). "With respect to the second requirement, the bad faith standard is interpreted stringently." Id. (citing Eisemann, 204 F.3d at 396). "[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" Schlaifer, 194 F.3d at 336 (quoting Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996)). Critically, "[a]

7

determination that a party or attorney acted in bad faith demands a 'high degree of specificity in the factual findings' of the district court." Martin, 2016 U.S. Dist. LEXIS 61007, at *38 (quoting Dow Chem. Pacific Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir. 1986)).

"These grounds for imposing sanctions materially differ only insofar as sanctions under 28 U.S.C. § 1927 are limited to attorneys or others authorized to practice before the courts." Id. "Sanctions imposed pursuant the court's inherent authority are not so limited; they may be imposed against an attorney, a party, or both." Id. at *38-39 (citing Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) (describing this as "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power")).

Thus, by its terms, the Court does not have the authority to sanction Dr. Makhoul or Mr. Dalleggio, as non-attorneys, under 28 U.S.C. § 1927. See Martin, 2016 U.S. Dist. LEXIS 61007, at *38. Moreover, with regard to the Court's inherent power, the factual record is simply too scant for the Court to find that the non-parties' behavior is sanction-worthy. Id. ("A determination that a party . . . acted in bad faith demands a high degree of specificity in the factual findings . . . .") (internal quotations omitted).

By way of example, although Plaintiff seeks sanctions against Mr. Dalleggio, Mr. Pasquale appeared to take some, or all, of the responsibility for the late adjournment request during the November 13, 2015 conference, claiming that he inadvertently informed Mr. Dalleggio initially that the hearing would be held during the first week of November 2015, rather than the third week. See 11/13/15 Tr., ECF No. 395, 25:6-12. In any event, the Court remains uninformed of precisely when Mr. Dalleggio became aware the correct schedule, and thus, whether he booked his airplane tickets to the professional conference knowing full well that he was required to appear in court on November 18, 2015 and/or when he first informed Mr.

8

Pasquale of the potential conflict.

Similarly, with regard to Dr. Makhoul's cardiology practice, it is unclear when Dr. Makhoul knew he was required to cover patient appointments from November 17, 2015 through November 19, 2015; when he informed Mr. Pasquale that he could not appear on November 18, 2015 as a result of the appointment conflicts; and what he did, if anything, in an attempt to obtain coverage from other physicians.

In sum, neither Plaintiff's motion nor the statements made on the record during the Court's November 13, 2015 conference establish a sufficient factual record which would permit the Court to impose sanctions upon Dr. Makhoul or Mr. Dalleggio pursuant to the Court's inherent power.[5]

---

[5] This Court's Order should not be construed as approval of Mr. Pasquale's handling of the scheduling issue. Mr. Pasquale was aware of Plaintiff and the Court's expectation that Dr. Makhoul and Mr. Dalleggio were tentatively scheduled to testify at the November 18, 2015 hearing as early as September 3, 2015. See 9/3/2015 Order. As their attorney, it was incumbent upon Mr. Pasquale to promptly, and correctly, inform Dr. Makhoul and Mr. Dalleggio of this schedule and to timely alert counsel and the Court of any scheduling conflicts, particularly as all other Parties and the Court had set aside three full days for the hearing to proceed. Mr. Pasquale's failure to clearly articulate to Mr. Harris via email or telephone that Dr. Makhoul and Mr. Dalleggio would be unable to attend the November 18, 2015 hearing during the weeks preceding the non-parties' November 13, 2015 adjournment request created difficulties for Plaintiff's counsel. Mr. Pasquale's claim that his request for an adjournment complied with the Court's Individual Rules of Practice, which require adjournment requests to be made at least two business days in advance of the hearing date, and was therefore proper, exalts form over substance and ignores the practical nature of federal court practice. It should be obvious that all adjournments requests—even if in technical compliance with a judge's individual rules—must be viewed in context. Just as a district court would reasonably expect a litigant to request an adjournment of an upcoming trial due to a conflict well before the expiration of the "two-day" rule (absent an exigent circumstance, of course), Mr. Pasquale should have undertaken to make his request earlier than November 13, 2015 so as to prevent the unnecessary expenditure of attorney and Court resources.

## III. CONCLUSION

In light of the above, Plaintiff's motion for an award of attorney's fees and costs against non-parties Dr. Makhoul and Mr. Dalleggio is **denied**.

Dated: Brooklyn, New York
September 9, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge