UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SAFECO INSURANCE COMPANY OF : 
AMERICA, :
 :
                        Plaintiff, : **ORDER**
 :
                 -against- : 09 Civ. 3312 (PKC) (VMS)
 :
M.E.S., INC., M.C.E.S., INC., HIRANI :
ENGINEERING & LAND SURVEYING, P.C., :
HIRANI/MES, JV, GEORGE MAKHOUL, :
JITENDRA S. HIRANI, and SARITA HIRANI, :
 :
                      Defendants. :
------------------------------------------------------------ x

**Scanlon, Vera M., United States Magistrate Judge:**

       Before the Court are Plaintiff Safeco Insurance Company of America's ("Safeco"): (1) motions for sanctions against non-parties Anthony Dalleggio ("Mr. Dalleggio"); Lea Dalleggio ("Ms. Dalleggio") (collectively, "the Dalleggios"); Johnny Makhoul ("Dr. Makhoul"); Fidelity Seal, LLC ("Fidelity Seal"); Cherry Hill Acquisitions, LLC ("CHA"); Defined Alliance, LLC ("Defined Alliance") (collectively, the "LLCs"), see ECF No. 383; Mark Zawisny ("Mr. Zawisny"); Marta Zawisny ("Ms. Zawisny") (collectively, "the Zawisnys"); Bernard Khadra ("Mr. Khadra"); Lew Saling, Jr. ("Mr. Saling") and Largime Duka ("Ms. Duka") (collectively, the "non-parties"), see ECF No. 386, for their alleged failure to comply with this Court's February 13, 2015 Order, see 2/13/2015 Order, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(b);[1] and (2) motion to strike from the record the testimony of Ira Metrick,

---

[1]     As explained below, although Safeco's original moving papers sought enforcement of subpoenas, contempt and sanctions against the non-parties, see ECF No. 383, p. 1; ECF No. 386, p. 1, counsel subsequently acknowledged that, "[r]ather than . . . contempt," Safeco sought "discovery sanctions under [Federal] Rule [of Civil Procedure] 37," see Transcript of 1/27/2016 Hearing ("1/27/2016 Tr."), ECF No. 408, p. 139:18-24.

offered on behalf of the LLCs as a witness pursuant to Fed. R. Civ. P. 30(b)(6) at the January 4, 2016 hearing in opposition to Safeco's motion for sanctions, see ECF No. 407.

For the reasons stated herein: (1) Safeco's motion for discovery sanctions against the non-parties is **denied**; and (2) Safeco's motion to strike the testimony of Ira Metrick is denied as **moot**.[2]

I. BACKGROUND

A. General Background

Safeco originally brought this action against Defendants M.E.S., Inc.; M.C.E.S., Inc.; and George Makhoul (collectively the "MES" or "MES Defendants"); and Hirani Engineering & Land Surveying, P.C.; Hirani/MES JV; Jitendra S. Hirani; and Sarita Hirani (collectively the "Hirani Defendants" or "Hirani") asserting various claims arising from written indemnity agreements among the Parties. Briefly, this litigation involves three bonded construction projects that MES and Hirani contracted with the United States Corps of Engineers ("Corps") to complete. Safeco served as surety on the projects. The Corps terminated the contracts due to Defendants' alleged default, and Safeco brought this action to be indemnified by Defendants.

On May 18, 2010, District Judge Allyne R. Ross issued an Opinion and Order granting partial summary judgment for Safeco, stating that Safeco was entitled to the interim remedy of collateral security from Defendants by virtue of relevant provisions in the Indemnity

---

[2] As Safeco's motions are non-dispositive in nature, this decision is issued as an order rather than as a report and recommendation. See Fed. R. Civ. P. 72(a); Seena Int'l, Inc. v. One Step Up, LTD., 15 Civ. 1095 (PKC) (BCM), 2016 U.S. Dist. LEXIS 64850, at *30 (S.D.N.Y. May 11, 2016) ("It is well-settled that orders imposing monetary sanctions as a remedy for discovery misconduct are non-dispositive and fall within the grant of Rule 72(a).") (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate [judge] . . . .")).

Agreements, but reserving judgment on the amount of the collateral security until Safeco provided support for the reasonableness of its demand. See ECF No. 80, p. 25, 27. District Judge Ross also ruled that under the Indemnity Agreements, Safeco is "entitled to review [MES Defendants'] books" as a mechanism to secure competent evidence of MES's discharge of its collateral security obligations. Id. p. 29.

On November 22, 2010, after the Parties submitted briefs on what would be a reasonable collateral security amount, District Judge Ross ordered MES Defendants to pay a total of $6,614,634.41 in collateral security to Safeco by December 1, 2010. See ECF Nos. 110, 112-117, 121, p. 27. The Second Circuit subsequently affirmed the Court's May 19, 2010 and November 22, 2010 Collateral Security Orders.[3] See ECF No. 215.

**B.    Background Related To Current Motion**

In March 2014, pursuant to the May 2010 books-and-records Order, Safeco issued document and deposition subpoenas to, among others, Mr. Dalleggio, Ms. Dalleggio, Dr. Makhoul, Fidelity Seal, CHA, Defined Alliance, Mr. Zawisny, Ms. Zawisny, Mr. Khadra, Mr. Saling and Ms. Duka for, in general terms, financial documents related to any business dealings, financial transactions and shared interests with MES. According to Safeco, none of the non-parties produced any documents in response to the March 2014 subpoenas.

During the summer of 2014, the Court found the MES Defendants in contempt of its Court-ordered obligations to pay Safeco under the collateral security order and to fully disclose its assets and related records. See ECF Nos. 313, 314, 321.

Against the backdrop of the contempt findings against the MES Defendants, Safeco

---

[3]    In April 2013, District Judge Pamela K. Chen was reassigned to this action. See 4/19/2013 Order.

served the non-parties with a second set of subpoenas in October 2014, renewing its document demands and request for depositions. According to Safeco, none of the non-parties produced any documents in response to the October 2014 subpoenas.

In December 2014, Safeco filed motions to compel against the non-parties seeking compliance with the March and October 2014 subpoenas. See ECF Nos. 340, 341. The Court granted in part and denied in part Safeco's motions to compel. See 2/13/2015 Order. In relevant part, the non-parties were ordered to submit to depositions and produce the following documents:

1. Fidelity Seal, CHA and Defined Alliance to produce all documents relating to their formation and operations;
2. Mr. Dalleggio, Ms. Dalleggio, Mr. Khadra, Mr. Saling and Ms. Duka to produce all documents relating to or sent to/from Defendants and/or fellow non-parties, including documents discussing or memorializing money or asset transfers between or among same and all documents relating to MES Defendants' operations;
3. Mr. Khadra, Mr. Saling and Ms. Duka to produce all documents related to their employment or volunteering for the MES Defendants or the LLCs;
4. Mr. Zawisny and Mrs. Zawisny to produce all records relating to the LLCs.

See 2/13/2015 Order.

Over the next several months, the non-parties produced certain documents to Safeco and Safeco deposed the non-parties. Nonetheless, Safeco and the non-parties disagreed with one another about the extent to which the non-parties had complied with the Court's 2/13/2015 Order, resulting in the filing of various letters by Safeco and the non-parties stating their respective positions on same. See ECF Nos. 354, 355, 358, 375, 376. After briefing schedules were independently set, see ECF No. 361, 9/3/2015 Order, Safeco filed the instant motions against the non-parties, see ECF Nos. 383, 386. Along with the briefing schedules, the Court scheduled a three-day hearing set to commence in November 2015 during which all non-parties were expected to testify. See 9/3/2015. The hearing was delayed for reasons unrelated to the

4

within Order, but ultimately rescheduled for January 2016.  See ECF No. 392.

Several weeks before the January 2016 hearing, Safeco informed the Court that Dr. Makhoul, who resides in Kentucky, did not plan to attend the hearing and, instead, the LLCs had hired an individual to present testimony on their behalf (as opposed to Dr. Makhoul).  See ECF No. 396.  Dr. Makhoul subsequently confirmed as much to the Court arguing that: (1) the Court's 2/13/2015 Order was not specifically directed at him in his individual capacity (as opposed to the LLCs); and (2) whether as an individual or as a representative of the LLCs, Fed. R. Civ. P. 37 and 45 required that any motion related to the 2/13/2015 Order first be brought in Kentucky.  See ECF No. 397.  Shortly thereafter, the Court held a conference during which: (1) the Court determined that the January 2016 hearing would proceed; and (2) the Court reserved decision on whether the LLCs' hired representative was a satisfactory witness on behalf of the LLCs.  See ECF No. 398.

On January 4, 2016, Mr. Dalleggio and Ira Metrick ("Mr. Metrick"), as a hired representative on behalf of the LLCs, testified.  See ECF No. 401.  In addition, the Court set a briefing schedule on Safeco's anticipated motion to strike Mr. Metrick's testimony.  See id.

On January 27, 2016, Mr. Zawisny testified.  See 1/27/2016 Order.  In addition, at the January 27th hearing, Safeco chose not to call Ms. Zawisny, Ms. Dalleggio, Mr. Khadra, Mr. Saling or Ms. Duka to testify, but rather, to proceed only on its motion papers against same.  See 1/27/2016 Tr., ECF No. 408, p. 4:16-5:24.

Pursuant to the briefing schedule previously set, Safeco filed its motion to strike Mr. Metrick's testimony and for related sanctions on February 1, 2016.  See ECF No. 407.

## II. ANALYSIS

### A. Motion For Sanctions Against The Non-Parties

#### 1. Characterization Of Relief Sought By Safeco

As touched on earlier, see Footnote 1, supra, Safeco's original motion papers sought "contempt and sanctions" against the Dalleggios, Dr. Makhoul and the LLCs, see ECF No. 383, p. 1, and "contempt sanctions" against the Zawisnys, Mr. Khadra, Mr. Saling and Ms. Duka, see ECF No. 386, p. 1, for, inter alia, the non-parties' alleged failure to comply with the Court's 2/13/2015 Order. Following the second, and last, day of the hearings on January 27, 2016, Safeco's counsel changed course and asserted that, "[r]ather than . . . contempt," Safeco sought "discovery sanctions under [Federal] Rule [of Civil Procedure] 37." See 1/27/2016 Tr., ECF No. 408, p. 139:18-24. Accordingly, the Court proceeds on this basis.

#### 2. Applicable Legal Standards

Rule 37(b)(2) states that a court may grant sanctions against a "party" that "fails to obey an order to provide or permit discovery."[4] Fed. R. Civ. P. 37(b)(2). "Although bad faith is not required to impose sanctions pursuant to Rule 37(b)(2), 'intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.'" Vaigasi v. Solow Mgmt. Corp., 11 Civ. 5088 (RMB) (HBP), 2016 U.S. Dist. LEXIS 18460, at *58 (S.D.N.Y. Feb. 16, 2016) (quoting Metropolitan Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003)); see Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("[T]he severity of [the] sanction must be commensurate with

---

[4] During the January 27, 2016 hearing, Safeco did not state under what subsection of Fed. R. Civ. P. 37 it moved for sanctions. Because its motions repeatedly refer to the non-parties' alleged failure to comply with the Court's 2/13/2015 Order, the Court understands that Safeco seeks sanctions under Fed. R. Civ. P. 37(b)(2), which contemplates such a circumstance.

the non-compliance."). Whether to impose sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990) (citing, inter alia, Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam)).

### 3. Safeco's Motion For Sanctions Is Denied

Safeco's motion for sanctions against the non-parties is denied for two reasons.

First, Fed. R. Civ. P. 37 is inapplicable to the within circumstances. More specifically, Fed. R. Civ. P. 37 "authorizes me to sanction a 'party' for its failure to obey various types of discovery orders, attend a properly noticed deposition, or respond to a properly served discovery request, but it confers no such authority with respect to a non-party." Hand Picked Selections v. Handpicked Wines Int'l Pty, 06 Civ. 356 (FB) (JO), 2006 U.S. Dist. LEXIS 42077, at *7 (E.D.N.Y. June 22, 2006) (internal citations omitted) (emphasis added). Accordingly, Fed. R. Civ. P. 37 does not authorize the Court to impose sanctions upon any of the non-parties.

Second, even if Fed. R. Civ. P. 37 did provide relevant sanctioning authority, Safeco has not sufficiently demonstrated that any of the non-parties failed to comply with the Court's 2/13/2015 Order. To briefly reiterate, Safeco filed two separate motions seeking sanctions against twelve non-parties, three of which were corporate entities, and two of the individual non-parties against which sanctions are sought, Mr. Dalleggio and Mr. Zawisny, testified during the January 2016 hearings. In the end, despite the abundance of motion papers, documentary exhibits and testimony submitted by the respective litigants, all that remains is the prototypical he/she-said-he/she-said situation: Safeco claims the non-parties are withholding documents in their possession, and the non-parties claim they turned over all Court-ordered documents in their possession. The Court found Mr. Dalleggio and Mr. Zawisny to be credible and truthful when

they each testified at the January 2016 hearing that they had produced all documents in their possession which this Court had ordered produced and answered all questions at their depositions truthfully and to the best of their ability.  See Transcript of 1/4/2016 Hearing ("1/4/2016 Tr."), ECF No. 404, p. 29:4-19; 30:22-24; 156:24-157:3; see also 1/27/2016 Tr., ECF No. 408, p. 8:20-21; 22:15-23:15; 41:13-18; 48:3-16; 65:16-19; 133:18-19; 134:1-6.

Stated another way, even if the non-parties did not strictly comply with this Court's 2/13/2015 Order, Safeco did not satisfactorily prove that their conduct was such that they should be sanctioned.  In what is already a complex web of alleged asset and money transfers by and among MES Defendants and the non-parties, bearing in mind the existence of multiple corporate entities, non-party representatives of these corporate entities and interwoven personal, familial and employment-based relationships, Safeco—for all practical purposes—cast all of the documentary and testimonial evidence at the Court's proverbial feet and asked it to delve through same to determine what specific documents and/or information the non-parties are allegedly withholding.  But it is not the Court's responsibility to do so.  Safeco may have been better served by presenting its view of the record through expert testimony, such as by hiring a forensic accountant, or other qualified professional, to track and account for the transfers and disbursements of assets and/or money by MES Defendants and comparing same to the information and documents provided by the non-parties to date; with this information properly tracked and organized, Safeco could have presented same to the Court, rather than its sweeping claims that the non-parties are "evasive" and "contumacious."  To be clear, the Court is not determining that all of the productions were satisfactory, but rather that, as presented, the Court cannot say that Safeco has proved that the non-parties disobeyed the Court's 2/13/2015 Order. In particular, it may be that the LLCs have not produced all of the requested records, but

8

Safeco's challenge to the productions is insufficient for the Court to make such a determination.

In light of the above, Safeco's motions for sanctions pursuant to Fed. R. Civ. P. 37 against the non-parties are **denied**.

### B. Motion To Strike Testimony Of Mr. Metrick

Safeco also seeks to strike the testimony of Mr. Metrick, offered during the January 2016 hearings on behalf of the LLCs and in opposition to Safeco's motion for sanctions against same. See ECF No. 407. Safeco's motion to strike, by corollary, assumes that Mr. Metrick's testimony—or better yet, testimony on behalf of the LLCs, regardless of by whom it was provided—is necessary to the Court's determination of the underlying motions for sanctions. This is incorrect insofar as, during the hearing, Safeco altered its original motions against the non-parties for "contempt" and, instead, chose to seek discovery sanctions under Fed. R. Civ. P. 37, thus rendering the January 2016 hearings moot.

Bearing in mind the strict standards and procedures related to contempt orders, see EEOC v. Local 638 of Sheet Metal Workers' Int'l Assoc., 753 F.2d 1172, 1178 (2d Cir. 1985), particularly for magistrate judges, see 28 U.S.C. § 636(e), the Court originally scheduled the January 2016 hearings specifically to permit the non-parties an opportunity to be heard by the Court in the form of live testimony on the issue of contempt, see 7/29/2015 Order; 9/3/2015 Order. Had Safeco made its intentions clear as to the relief sought from the outset, the Court could have cancelled the hearings as unnecessary. Irrespective of the substance of the testimony and/or evidence ultimately presented by Safeco or the non-parties at the January 2016 hearings, the Court does not have the authority to sanction the non-parties under Fed. R. Civ. P. 37. Against this backdrop, the propriety of Mr. Metrick's testimony as a Rule 30(b)(6) witness at the January 4, 2016 hearing—an underlying proceeding which was ultimately unnecessary—is

9

immaterial, and thus Safeco's motion to strike same is denied as **moot**.[5]

---

[5] Despite this Court's ruling, the LLCs are put on notice that Mr. Metrick's testimony, insofar as he is considered a Rule 30(b)(6) witness, was patently deficient. "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (internal quotations omitted). Although Rule 30(b)(6) witnesses need not have personal knowledge concerning the relevant subject matters, "[i]f they do not possess such personal knowledge, [] the corporation is obligated to prepare them so that they may give knowledgeable answers." Spanski Enters. v. Telewizja Polska, 07 Civ. 930 (GEL), 2009 U.S. Dist. LEXIS 95288, at *8 (S.D.N.Y. Oct. 13, 2009) (citing Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 01 Civ. 3016 (AGS) (HB), 2002 U.S. Dist. LEXIS 14682, at *7 (S.D.N.Y. Aug. 8, 2002)). "Producing an unprepared witness is tantamount to a failure to appear." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996)).

Here, Mr. Metrick's knowledge of the facts was substantially based on his review, in the three weeks leading up to his testimony, of the pleadings and deposition transcripts in the record and the LLCs' document production, supplemented by Google searches and online deed records; a visit to several of the LLCs' real properties; one thirty-minute discussion with Dr. Makhoul, and two discussions with Defendant George Makhoul, totaling less than one hour. See 1/4/2016 Tr., ECF No. 404, p. 204:7-206:22, 266:6-10, 315:20-316:7. During the hearing, Mr. Metrick was consistently unable to respond in detail to Safeco's inquiries and repeatedly admitted that his responses were based on speculation. See id. at p. 248:18-24, 323:17-18, 315:20-316:7. Mr. Metrick was unable to identify specific accounts from which assets used by the LLCs to purchase real properties originated, see id. at p. 218:5-18; 315:3-15; unable to identify whether certain documents related to commercial property purchases ever existed, see id.; and unable to describe what efforts the LLCs had taken to comply with the subpoenas, see id. at p. 212:18-213:13. In sum, Mr. Metrick lacked the requisite knowledge, personal or otherwise, to qualify as a competent witness under the Rule 30(b)(6) standards. As the Court described at the January 4, 2016 hearing, Mr. Metrick "knew next to nothing about the history" of the events at issue. See id. at p. 266:6-10.

**III. Conclusions**

For the reasons stated herein: (1) Safeco's motions for discovery sanctions against the non-parties are **denied**; and (2) Safeco's motion to strike the testimony of Ira Metrick is deemed **moot**.

Dated:   Brooklyn, New York
          September 29, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge